Stephen M. Feldman, OSB No. 932674
SFeldman@perkinscoie.com
PERKINS COIE LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Telephone:  503.727.2000
Facsimile:  503.727.2222

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **PACIFIC WOOD PRESERVING OF OREGON, INC.**, a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>**DIBUDUO & DEFENDIS INSURANCE BROKERS, LLC**, a Delaware limited liability company,<br><br>Defendant. | No. 3:18-cv-399<br><br>**COMPLAINT**<br>(Breach of Contract; Negligence)<br><br>**DEMAND FOR JURY TRIAL** |

1-   COMPLAINT

Plaintiff Pacific Wood Preserving of Oregon, Inc., now known as West Coast Wood Preserving of Oregon, LLC, as and for its Complaint against Defendant DiBuduo & DeFendis Insurance Brokers, LLC alleges as follows:

## INTRODUCTION

1.     This is an action for malpractice and breach of contract committed by Plaintiff's longtime and trusted insurance consultant, adviser, and broker.  Specifically, in breach of its duties to Plaintiff, Defendant DiBuduo & DeFendis Insurance Brokers, LLC ("D&D" or "Defendant") failed to take reasonable and appropriate steps in placing liability insurance on behalf of Plaintiff and further failed to take reasonable and appropriate steps once becoming aware of a personal injury claim asserted against Plaintiff.  As a result of the breach of D&D's contractual and fiduciary duties, Plaintiff faced significant insurance coverage issues -- which it otherwise would not have faced -- in connection with an underlying lawsuit filed by the personal injury claimant.  Because of D&D's breach of contract and professional negligence, Plaintiff's liability insurer denied coverage for the underlying lawsuit and Plaintiff was then forced to pursue a coverage action against the insurer.  While Plaintiff ultimately was able to recover some its losses from the insurer, Plaintiff still incurred substantial damages as a consequence of D&D's breach of contract and professional negligence.

## THE PARTIES

2.     Plaintiff Pacific Wood Preserving of Oregon, Inc. is now known as West Coast Wood Preserving of Oregon, LLC ("PWPO" or "Plaintiff").  At all times material to this dispute, PWPO was a corporation duly organized and existing under the laws of the State of Nevada, with a principal place of business in Sheridan, Oregon.  At all times material to this dispute, PWPO was the owner and operator of a lumber treating plant located in Sheridan, Oregon.

3.     On information and belief, Defendant DiBuduo & DeFendis Insurance Brokers, LLC is a Delaware limited liability company, with a principal place of business in Fresno,

2-   COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

California.  On further information and belief, D&D is in the insurance brokerage and insurance advisory business, and it provides such services to and for the benefit of clients located in the State of Oregon.

## JURISDICTION AND VENUE

4.      The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs, and complete diversity of citizenship exists between the Plaintiff and the Defendant.  This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332.

5.      This Court has personal jurisdiction over the parties as each has transacted business that gives rise to this action in Oregon.

6.      Venue is appropriate in the United States District Court for the District of Oregon by virtue of 28 U.S.C. § 1391 as a substantial part of the events giving rise to Plaintiff's claims occurred within the District of Oregon.

## GENERAL ALLEGATIONS

**A.      The Relationship Between The Parties**

7.      At all times material to this dispute, PWPO was part of an affiliated group of companies in the wood treating industry that were collectively and generally known as "The Pacific Wood Preserving Companies."  The Pacific Wood Preserving Companies is not itself a corporate entity, but instead is a trademarked name that was utilized to describe PWPO and the other affiliated companies.  One of the other companies included within The Pacific Wood Preserving Companies was Pacific Wood Preserving of Bakersfield, Inc. ("PWPB"), which is now known as West Coast Wood Preserving, LLC.  At all times material to this dispute, PWPO was a wholly owned subsidiary of PWPB, and the other entities within The Pacific Wood Preserving Companies were also wholly owned subsidiaries of PWPB.

8.      Because of their complex insurance needs, which involve insuring properties and potential liabilities in multiple different states, including Oregon, The Pacific Wood Preserving

3-   COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

Companies, including PWPO, consistently engaged the services of a professional insurance agency to assist them in both assessing their insurance needs and procuring the types and amounts of insurance to sufficiently cover their potential losses and liabilities.  For many years, The Pacific Wood Preserving Companies engaged and worked with D&D as their professional insurance consultant, adviser, and broker.  And The Pacific Wood Preserving Companies, including PWPO, always relied upon D&D to exercise its professional expertise and judgment in procuring appropriate insurance coverage for them, as well as advising and assisting with any claims that might be brought against any of The Pacific Wood Preserving Companies, including PWPO.

9.      D&D holds itself out to the public as providing high quality, deeply experienced insurance and risk management services.  On its website, for example, D&D boasts as follows:

**THE RELATIONSHIP**

Over time, companies are built on many things—knowledge, experience, resources, trust.  This has never been more true than at DiBuduo & DeFendis Insurance. . . . The insurance professionals at DiBuduo & DeFendis provide all lines of insurance to a diversified group of clients throughout the United States.

(Emphasis in original.)  D&D further boasts on its website, as shown below, that in addition to its considerable insurance expertise, it strives to form a special relationship with its clients through a "partnership approach":

**SERVICES**

At D&D, we provide our clients with more than just comprehensive coverage at affordable rates.  We take a partnership approach to your business by offering a number of services and programs to help you control your insurance costs, keep your workers safe and productive while protecting your business against loss. . . .

(Emphasis in original.)

10.      With regard to insurance claims, D&D emphasizes on its website that "[c]laims management is a hallmark of D&D[,]" that D&D will be an "advocate" for its clients throughout

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

the claims process, that D&D has a "highly trained and experienced staff of claims experts ready to help [its] clients[,]" and that "ensuring that [its client's] claim is processed quickly, efficiently and to [the client's] satisfaction is [D&D's] number one goal."

      11.    D&D further touts its expertise in claims handling, and it assures its clients that D&D will make certain that the claims process is handled efficiently and effectively. Specifically, on its website, D&D makes the following representations:

> Professional service is the fundamental difference between DiBuduo & DeFendis and all other agencies. DiBuduo & DeFendis has a highly-trained Claims Department to service your account from the initiation of a claim to final settlement. Our claims representatives process auto, property, liability and litigated claims. Should a loss occur, you can count on the quickest response possible and our personal assistance throughout the claim process.

D&D further proclaims that its "highly-trained" staff "ensures that [its] clients' claims are properly opened, adjusted and closed in a timely fashion."

      12.    And concerning property and casualty (*i.e.*, liability) insurance, in particular, D&D represents as follows:

> Our goal is to counsel our clients so they will understand their insurance portfolio and how coverage relates to the details of their loss event. Our staff consists of highly trained personnel who are accomplished liaisons for our clients with a 30 year average per claims representative. We will process your claims to the insurance company and will personally assist you throughout the claim process. Because we value your business, our objective is to ensure that insurance coverage is properly assessed and your claims are opened, adjusted and resolved in a timely and satisfactory manner.

      13.    At all times material to this dispute, The Pacific Wood Preserving Companies, including PWPO, relied on D&D to act as their professional insurance consultant, adviser, and broker. And, on information and belief, D&D understood that The Pacific Wood Preserving Companies, including PWPO, were relying on D&D to advise them of their insurance needs, to

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR 97209-4128
Phone: 503.727.2000
Fax: 503.727.2222

obtain sufficient insurance to satisfy those needs, and to ensure that any claims asserted against any of The Pacific Wood Preserving Companies were properly handled.

14.     It its capacity as the insurance consultant, adviser, and broker for The Pacific Wood Preserving Companies, D&D exercised broad discretion on behalf of each of The Pacific Wood Preserving Companies, including PWPO, in procuring insurance that, based on D&D's expertise and experience, would be sufficient to cover the risks, including, in particular, the liability risks, faced by each of The Pacific Wood Preserving Companies, including PWPO.

**B.    D&D's Procurement Of The Liability Policies At Issue**

15.     For the policy period from September 15, 2011 to September 15, 2012, D&D procured a Commercial General Liability policy on behalf of, and for the benefit of, The Pacific Wood Preserving Companies, including PWPO, which was issued by Companion Specialty Insurance Company ("Companion Specialty"), and which bore policy number VJB1115294 (the "2012 Policy").  The 2012 Policy included a general aggregate limit of $2,000,000, and a limit of $1,000,000 for each occurrence.  The 2012 Policy reflects that the total premium payment for that policy was $120,500.

16.     For the policy period from September 15, 2012 to November 15, 2013, D&D procured a Commercial General Liability policy on behalf of, and for the benefit of, The Pacific Wood Preserving Companies, including PWPO, which was issued by Companion Specialty, and which bore policy number VJB1225798 (the "2013 Policy").  The 2013 Policy included a general aggregate limit of $2,000,000, and a limit of $1,000,000 for each occurrence.  The 2013 Policy reflects that the total premium payment for that policy was $140,500.

17.     With regard to both the 2012 Policy and the 2013 Policy (collectively, the "Policies"), D&D requested that the Named Insured be identified as "The Pacific Wood Preserving Companies," notwithstanding the fact that "The Pacific Wood Preserving Companies" is not itself a corporate entity, but instead, as indicated above, is merely a

6-    COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

trademarked name that is utilized to describe a series of affiliated companies.  Although it was the intent of The Pacific Wood Preserving Companies, as well as the intent of D&D, that the Policies were to cover the liabilities of each of the individual companies that comprise The Pacific Wood Preserving Companies, D&D failed to ensure that PWPO was separately identified as an insured on either the Declarations pages of the Policies, via an endorsement to the Policies, or otherwise.

18.    The Pacific Wood Preserving Companies, including PWPO, relied on D&D to obtain sufficient and appropriate insurance coverage for each of The Pacific Wood Preserving Companies, including PWPO, and to otherwise advise and counsel them on insurance matters.

19.    At all times material to this dispute, The Pacific Wood Preserving Companies were headquartered in Bakersfield, California.  On information and belief, all of the relevant communications between The Pacific Wood Preserving Companies, on the one hand, and D&D, on the other hand, concerning the procurement of the Policies occurred in or around Bakersfield, California.  Further, the premiums for the Policies were paid from Bakersfield, California, and the Policies were delivered to The Pacific Wood Preserving Companies in Bakersfield, California.

**C.    The Accident And The Filing Of The Underlying Lawsuit**

20.    On March 15, 2012, an individual named Russell Boat ("Mr. Boat") was involved in an accident at PWPO's facility in Sheridan, Oregon, which resulted in bodily injury to Mr. Boat.  Specifically, on information and belief, Mr. Boat was at the Sheridan facility to pick up and subsequently transport in his semi-truck a load of wood and, while there, he was struck in the leg by one or more wood posts from a load that had broken loose from the bed of a different truck.

21.    On April 16, 2012, an attorney representing Mr. Boat made a claim for damages against PWPO because of the bodily injury sustained by Mr. Boat while he was at PWPO's

7-    COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

facility.  This claim was set forth in a letter to PWPO from Mr. Boat's attorney dated April 16,

2012, which specifically stated, in part, as follows:

> This office represents Russell Boat for the purpose of collecting
> compensation for injuries suffered on the above referenced date
> [*i.e.*, March 15, 2012].  Our investigation has revealed that you are
> legally responsible for these damages.

A true and correct copy of the April 16, 2012 claim letter from Mr. Boat's attorney is attached as

**Exhibit 1**.

22.    Promptly after receipt of the April 16, 2012 claim letter from Mr. Boat's attorney,

and consistent with its custom and practice, PWPO notified its insurance broker and advisor,

D&D, that it received the claim letter and, on information and belief, PWPO provided a copy of

the claim letter to D&D.  It was the custom and practice of The Pacific Wood Preserving

Companies, including PWPO, to notify D&D of any claims or any circumstances that were likely

to lead to claims and D&D, in turn, would provide notice of the claims or potential claims to the

appropriate insurer(s).  PWPO therefore entrusted that D&D, as its professional insurance broker

and advisor, would take all appropriate steps with regard to the claim letter.  D&D, however,

failed to notify Companion Specialty of the claim letter, and despite knowing that Mr. Boat's

injury was likely to result in a lawsuit against PWPO, D&D failed to provide Companion

Specialty with any notice that Mr. Boat had been injured while at PWPO's facility.  D&D also

failed to advise PWPO that it should take independent steps to notify Companion Specialty of

the claim letter or the accident involving Mr. Boat, which would have been out of the ordinary

because, as indicated above, it was the customary practice for D&D to provide notice of claims

and potential claims on behalf of The Pacific Wood Preserving Companies, including PWPO, to

the appropriate insurer(s).

23.    Subsequently, on January 10, 2014, Mr. Boat filed a personal injury lawsuit

against PWPO (as well as one additional party) in the Circuit Court of the State of Oregon for the

County of Yamhill.  That lawsuit was captioned as follows: *Russell Boat v. Brian Cantrell*

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

*Trucking Inc., et al.*, Circuit Court of the State of Oregon (Yamhill County), Case No.

14CV00191 (the "Underlying Lawsuit").  A true and correct copy of the Complaint filed in the

Underlying Lawsuit (the "Underlying Complaint") is attached as **Exhibit 2**.

24.    In the Underlying Complaint, Mr. Boat alleged as follows:

> On or about March 15, 2012, in or near Sheridan, [Mr. Boat] was an owner/operator of a semi-truck, preparing to haul a load for defendant Pacific Wood, when an employee of defendant Pacific Wood, acting within the course and scope of his employment, improperly attempted to use a forklift to lift a load of wood from a semi-truck  parked  next to [Mr. Boat's] semi-truck.  The employee of defendant Pacific Wood pushed the wood logs off the trailer bed onto [Mr. Boat], causing injuries and damages.

Underlying Complaint at ¶ 3.

25.    In the Underlying Complaint, Mr. Boat further alleged as follows:

> Defendant  PACIFIC WOOD was negligent and unreasonable by and through the acts of its employee in one or more of the following particulars:

> (a)    Using a forklift with oversized blades;

> (b)    Failing to secure load when attempting  to lift with forklift;

> (c)    Failing  to warn [Mr. Boat] of danger of attempting to lift the load with [Mr. Boat] nearby;

> (d)    Failing to use proper safety equipment to move load;

> (e)    Failing to train employee in safe loading techniques;

> (f)    Hiring and allowing to work, an improperly trained forklift driver; and

> (g)    Failing to enforce safe forklift operation.

Underlying Complaint at ¶ 5.

26.    As a result of the accident stemming from the alleged negligence of PWPO,

Mr. Boat claimed in the Underlying Complaint that he suffered the following bodily injuries,

among others:

9-    COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

(a)     Fractures and damage to the muscles, ligaments, tissues, and anatomy of the right foot;

(b)     Damage to the muscles, ligaments, tissues, and anatomy of the right knee;

(c)     Damage to the muscles, ligaments, tissues, and anatomy of various part[s] of his body; [and]

(d)     Multiple contusions[.]

Underlying Complaint at ¶ 6.  Mr. Boat additionally claimed that, as a result of the foregoing bodily injuries, he endured pain, suffering, emotional distress, discomfort, and disturbance of sleep, all to his alleged non-economic damage of an amount he intended to prove at trial, with such amount not to exceed $2,500,000.  *See id.*  And Mr. Boat further claimed that, as a result of his bodily injuries, he sustained economic damages, including medical bills, anticipated future medical bills, and lost income, in the amount of $1,575,000.  *See id.* at ¶ 7.

**D.     PWPO's Tender Of The Underlying Lawsuit And Companion Specialty's Denial Of Coverage**

27.     The Underlying Lawsuit was tendered to Companion Specialty on behalf of PWPO on or about January 28, 2014.

28.     Companion Specialty did not respond to PWPO's tender until March 7, 2014. Specifically, by letter dated March 7, 2014, which was not received by PWPO until at least March 11, 2014, Companion Specialty fully denied any coverage obligations with respect to the Underlying Lawsuit.  A true and correct copy of the March 7, 2014 denial letter is attached as **Exhibit 3**.

29.     As set forth in its March 7, 2014 letter, Companion Specialty denied coverage for the Underlying Lawsuit on two -- and only two -- grounds.

30.     First, Companion Specialty denied coverage for the Underlying Lawsuit on the grounds that PWPO did not qualify as an insured under either the 2012 Policy or the 2013 Policy.  Specifically, in its denial letter, Companion Specialty stated as follows:

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

The Defendant named in the [Underlying] Complaint, Pacific Wood Preserving of Oregon, Inc., is not named in the declarations or listed as an additional named insured by the [2012 Policy or the 2013 Policy]. Further, we have not been provided with any information which would indicate Pacific Wood Preserving of Oregon, Inc. qualifies as an insured under **SECTION II-WHO IS AN INSURED** as defined in the [Policies]. As such, [Companion Specialty] must respectfully disclaim coverage [for] Pacific Wood Preserving of Oregon, Inc., and assert that [Companion Specialty] has no defense or indemnity obligations to Pacific Wood Preserving of Oregon, Inc.

(Emphasis in original.)

31.     Second, Companion Specialty denied coverage for the Underlying Lawsuit on the grounds that the claim made by Mr. Boat was not reported to Companion Specialty within the time period allegedly required by the Policies; in other words, Companion Specialty denied coverage on the grounds that the claim was not timely reported.

32.      Despite efforts by counsel for PWPO to convince Companion Specialty to accept coverage for the defense of, and indemnification against, the Underlying Lawsuit, Companion Specialty steadfastly refused to defend or provide any other coverage to PWPO in connection with the Underlying Lawsuit.

**E.     The Defense And Settlement Of The Underlying Lawsuit**

33.     Because of Companion Specialty's denial of coverage, PWPO was forced to retain counsel, at its own expense, in order to defend itself in connection with the Underlying Lawsuit. And PWPO, through its counsel, defended the claims asserted against it in the Underlying Lawsuit for over a year.

34.     On April 15, 2015, the parties in the Underlying Lawsuit participated in a mediation which resulted in a settlement of the Underlying Lawsuit. The settlement was a fair and reasonable resolution of the Underlying Lawsuit, and it was the result of arms-length negotiations between the parties. The parties in the Underlying Lawsuit memorialized their settlement in a written Settlement Agreement and Release, which was effective as of April 15, 2015. A true and correct copy of the Settlement Agreement and Release executed by the parties

11-  COMPLAINT

38020-0019/138884657.1

in the Underlying Lawsuit is attached as **Exhibit 4**.  As part of the settlement of the Underlying

Lawsuit, PWPO made a settlement payment to Mr. Boat in the amount of $250,000 (the

"Settlement Payment").  The Settlement Payment was made by PWPO on May 26, 2015.

35.  In addition to its Settlement Payment, PWPO incurred substantial defense costs in

connection with the Underlying Lawsuit.  Specifically, PWPO incurred total defense costs,

including attorney's fees and other litigation expenses, in the amount of $276,415.40 (the

"Defense Costs").

**F.    The Coverage Action Against Companion Specialty**

36.    Because of Companion Specialty's denial of coverage for a claim (*i.e.*, the

Underlying Lawsuit) that, absent D&D's errors and omissions, clearly would have been covered,

PWPO took steps to preserve its right to pursue claims against D&D following PWPO's efforts

in pursuing coverage under the Policies.

37.    On March 3, 2016, PWPO filed a lawsuit against Companion Specialty seeking

coverage for the Defense Costs and Settlement Payment incurred in connection with the

Underlying Lawsuit.  More precisely, that coverage lawsuit was filed against Companion

Specialty's successor-in-interest (namely, Sussex Insurance Company), and that suit was

captioned as follows:  *Pacific Wood Preserving of Oregon, Inc. v. Sussex Insurance Company, as*

*successor-in-interest to Companion Specialty Insurance Company*, United States District Court

(District of Oregon), Case No. 3:16-cv-00396-AC (the "Coverage Action").  (Throughout this

Complaint, Sussex Insurance Company, in its capacity as the successor-in-interest to Companion

Specialty, shall be referred to as "Companion Specialty".)

38.    The Coverage Action was litigated for close to a year, and throughout the

litigation, Companion Specialty continued to deny that it had any coverage obligations with

respect to the Underlying Lawsuit.

12-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

39.    Following a mediation, PWPO and Companion Specialty reached a settlement of the Coverage Action, with the settlement effective as of February 27, 2017.  Notwithstanding the significant coverage issues that were caused by D&D's errors and omissions, PWPO was able to settle the Coverage Action for $335,000.  A copy of the Settlement Agreement and Release executed between PWPO and Companion Specialty is attached as **Exhibit 5**.  In the Settlement Agreement, Companion Specialty continued to deny any coverage obligations with respect to the Underlying Lawsuit.

40.    PWPO incurred substantial expenses in pursuing the Coverage Action and otherwise pursuing coverage for the Underlying Lawsuit.  Specifically, in pursuing coverage for the Underlying Lawsuit under the Policies, PWPO incurred total costs, including attorney's fees and other expenses, of $88,103.23 (the "Prosecution Costs").  The Prosecution Costs would not have been incurred but for the errors and omissions of D&D.

## FIRST CLAIM FOR RELIEF
### (Breach of Contract)

41.    PWPO incorporates by reference, as if fully set forth herein, the allegations contained in each of the preceding paragraphs.

42.    The Pacific Wood Preserving Companies, including PWPO, engaged D&D to serve as their professional insurance consultant, adviser, and broker, and D&D accepted that engagement.  In the event that the contractual relationship with D&D was solely with one or more of The Pacific Wood Preserving Companies other than PWPO, then PWPO was an intended third-party beneficiary of that contract.

43.    The Pacific Wood Preserving Companies, including PWPO, have fully performed, complied with, and/or satisfied all obligations, terms, and conditions of their contractual relationship with D&D.

44.    Pursuant to the parties' agreement, D&D agreed to (i) procure for The Pacific Wood Preserving Companies, including PWPO, sufficient and appropriate insurance coverage,

13-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

(ii) provide The Pacific Wood Preserving Companies, including PWPO, professionally competent advice on insurance matters, and (iii) handle in a professionally competent manner other insurance-related matters for The Pacific Wood Preserving Companies, including PWPO, such as notifying insurers of claims and potential claims.

45.     D&D breached its contract with The Pacific Wood Preserving Companies, including PWPO, because, contrary to its agreement to do so, D&D (i) failed to procure sufficient and appropriate insurance coverage for PWPO, as shown by Companion Specialty's denial of coverage for the Underlying Lawsuit on the grounds that PWPO did not qualify as an insured under the Policies, and (ii) failed to handle in a professionally competent manner or otherwise failed to provide professionally competent advice regarding, *inter alia*, the providing of notice to Companion Specialty of the April 16, 2012 claim letter or, more generally, the accident involving Mr. Boat.

46.     Had D&D fully complied with its contractual obligations, Companion Specialty would have had no conceivable basis to deny coverage for the Underlying Lawsuit and, as such, the Defense Costs and the Settlement Payment would have been fully covered.  Additionally, had D&D fully complied with its contractual obligations, PWPO would not have needed to file the Coverage Action or otherwise pursue coverage for the Underlying Lawsuit and, as such, PWPO would not have incurred the Prosecution Costs.

47.     Accordingly, D&D's breach of its contractual obligations has damaged PWPO in the following amounts: (1) $191,415.40, reflecting the aggregate amount of the Defense Costs and the Settlement Payment (*i.e.*, $526,415.40) less the $335,000 settlement payment by Companion Specialty; and (2) $88,103.23 (*i.e.*, the Prosecution Costs).  Thus, PWPO's total damages caused by D&D's breach of its contractual obligations is $279,518.63, together with prejudgment interest at the maximum rate allowed by law.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## SECOND CLAIM FOR RELIEF
### (Negligence)

48.     PWPO incorporates by reference, as if fully set forth herein, the allegations contained in each of the preceding paragraphs.

49.     Acting in its capacity as the professional insurance broker, consultant, adviser, and representative of The Pacific Wood Preserving Companies, including PWPO, D&D procured the 2012 Policy and the 2013 Policy for the benefit of The Pacific Wood Preserving Companies, including PWPO.  D&D had a duty to ensure that the 2012 Policy and the 2013 Policy adequately protected The Pacific Wood Preserving Companies, including PWPO, from the risks of loss they faced.  Additionally, as the professional insurance broker, consultant, adviser, and representative of The Pacific Wood Preserving Companies, including PWPO, D&D advised and counseled The Pacific Wood Preserving Companies, including PWPO, concerning, *inter alia*, the providing of notice to Companion Specialty of the accident involving Mr. Boat.

50.     D&D breached the duties it owed to The Pacific Wood Preserving Companies, including PWPO, by rendering professional insurance brokerage and advisory services that fell below the applicable standard of care.  Specifically, had D&D exercised the proper standard of care in procuring liability insurance for The Pacific Wood Preserving Companies, including PWPO, and had D&D exercised the proper standard of care in advising The Pacific Wood Preserving Companies, including PWPO, regarding the providing of notice to Companion Specialty of the April 16, 2012 claim letter or, more generally, the accident involving Mr. Boat, then PWPO would have been fully covered for the Underlying Lawsuit.  Additionally, had D&D exercised the proper standard of care in carrying out its professional insurance brokerage and advisory services, PWPO would not have needed to file the Coverage Action or otherwise pursue coverage for the Underlying Lawsuit and, as such, PWPO would not have incurred the Prosecution Costs.

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

51.     Accordingly, because of D&D's negligent acts, errors, and/or omissions that fell below the applicable standard of care, PWPO has been damaged in the following amounts: (1) $191,415.40, reflecting the aggregate amount of the Defense Costs and the Settlement Payment (*i.e.*, $526,415.40) less the $335,000 settlement payment by Companion Specialty; and (2) $88,103.23 (*i.e.*, the Prosecution Costs).  Thus, PWPO's total damages caused by D&D's negligent acts, errors, and/or omissions is $279,518.63, together with prejudgment interest at the maximum rate allowed by law.

52.     The damages suffered by PWPO were a reasonably foreseeable consequence of D&D's negligent acts, errors, and/or omissions.

## PRAYER FOR RELIEF

WHEREFORE, PWPO prays for judgment in its favor and against D&D as follows:

1.     On PWPO's First Claim for Relief (for breach of contract), for a judgment against D&D for (a) compensatory damages in the amount of $279,518.63; (b) prejudgment interest at the maximum rate allowed by law; (c) all costs and disbursements incurred in connection with this action; (d) post-judgment interest at the maximum rate allowed by law; and (e) such other relief as the Court deems just and proper; and

2.     On PWPO's Second Claim for Relief (for negligence), for a judgment against D&D for (a) compensatory damages in the amount of $279,518.63; (b) prejudgment interest at the maximum rate allowed by law; (c) all costs and disbursements incurred in connection with this action; (d) post-judgment interest at the maximum rate allowed by law; and (e) such other relief as the Court deems just and proper.

38020-0019/138884657.1

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222

## JURY TRIAL DEMAND

PWPO respectfully demands a trial by jury on all claims and issues so triable.

DATED:  March 7, 2018            **PERKINS COIE LLP**

                                By: *s/ Stephen M. Feldman*
                                _____
                                    Stephen M. Feldman, OSB No. 932674
                                    SFeldman@perkinscoie.com
                                    1120 N.W. Couch Street, 10th Floor
                                    Portland, OR  97209-4128
                                    Telephone:  503.727.2000
                                    Facsimile:  503.727.2222

                                Attorneys for Plaintiff

17-  COMPLAINT

**Perkins Coie LLP**
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209-4128
Phone:  503.727.2000
Fax:  503.727.2222